UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANUEL RODRIGUEZ,

                Plaintiff,

                vs.

THE CITY OF NEW YORK
POLICE OFFICER ANGEL GONZALEZ,
POLICE OFFICER VICTOR ENG
AND POLICE OFFICER JOHN DOE,
(names and numbers of whom are unknown at present)
and other unidentified members of the New York City
Police Department
                Defendants
------------------------------------------------------------X

ECF CASE

10 Civ.

COMPLAINT

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1.    This is an action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was deprived of his constitutional rights when the individual defendants utilized unreasonable and excessive force on plaintiff. Defendants deprived plaintiff of his constitutional rights when they caused the unjustifiable arrest of plaintiff, the unlawful confinement of plaintiff, and malicious prosecution of plaintiff.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

**VENUE**

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

**PARTIES**

5. The plaintiff, Manuel Rodriguez, is a citizen of the United States, and is and was at all times relevant herein a resident of the Mt. Vernon, New York.

6. At all times relevant hereto, Police Officer Angel Gonzalez, shield # 12487 was acting in the capacity of agent, servant, and employee of defendant City of New York [ hereinafter "City"], and within the scope of his employment as such. Officer Gonzalez is being sued herein in his individual capacity.

7. At all times relevant hereto, Police Officer Victor Eng, shield # 26020, was acting in the capacity of agent, servant, and employee of defendant City of New York, and within the scope of his employment as such. Officer Eng is being sued herein in his individual capacity.

8. At all times relevant hereto, Police Officer John Doe, was acting in the capacity of agent, servant, and employee of defendant City of New York, and within the scope of his employment as such. Officer Doe is being sued herein in his individual capacity.

9. At all times relevant herein, the individual defendants, Officer Gonzales, Officer Eng and Officer Doe, were acting under color of state law in the course and scope of their duty and functioned as agents, servants, employees, and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions

in the course of their duty. Officer Defendants were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officer, agent, and employee of the New York City Police Department and incidental to the lawful pursuit of his duty as officer, employee and agent of the New York City Police Department.

10. Defendant City is municipality organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## STATEMENT OF FACTS

11. On December 4, 2009, plaintiff's resided at 42 Sheridan Avenue, Mt. Vernon, New York. Plaintiff was 21 years old.

12. At approximately 11:42 p.m., plaintiff was at his friend Nicholas Pizarro's apartment located at 2070 3rd Avenue in New York, NY, County of New York. Plaintiff left the apartment shortly thereafter and when he was exiting the building with another friend, Eddie Gibbs, they were stopped by the Officer Defendants. Neither plaintiff nor Mr. Gibbs engaged in any criminal activity at the time they were initially detained, or any time thereafter.

13. An Officer Defendant requested that plaintiff provide identification to which he complied. Officer Defendants then inquired where Plaintiff was coming from to which he informed them. Officer Defendants then went to Mr. Pizarro's residence to verify that Plaintiff was actually coming from his apartment while two other Officer Defendants remained in the lobby with Plaintiff

and Mr. Gibbs. An Officer Defendant returned to the lobby with Mr. Pizarro who verified that Plaintiff and Mr. Gibbs had just left his apartment.

14. Officer Defendants informed Plaintiff that he could leave, but stated that because Mr. Gibbs did not have any identification they were arresting him. On information and belief, Mr. Gibbs was charged with False Personation, however, all charges against him were later dismissed.

15. Plaintiff ran to the next building to inform Mr. Gibbs's mother that her son was being arrested. Mr. Gibb's mother was not home, but Plaintiff was able to notify Mr. Gibb's sister and they both returned to Mr. Pizarro's apartment building.

16. As Plaintiff approached the building at 2070 3rd Avenue where the initial stop occurred, he witnessed Officer Defendants escorting Mr. Gibbs out of the building in handcuffs. After Plaintiff inquired of the Officer Defendants why they were arresting his friend, Plaintiff was forcefully seized by the Officer Defendants and taken back inside the apartment building.

17. Immediately after being taken into the apartment building, Plaintiff was punched in the left eye by an Officer Defendant.

18. Plaintiff fell to the floor and was swarmed upon by several more Officer Defendants who proceeded to punch and kick Plaintiff throughout his body. An Officer Defendant also grabbed Plaintiff by the head and slammed his head into the stairs.

19. Plaintiff was subsequently handcuffed and brought to his feet.

20. While Plaintiff was standing on the stairs in handcuffs, an Officer Defendant pushed the defenseless plaintiff over and he fell, head first onto the floor. Plaintiff blacked out after the fall and regained consciousness right before entering the police precinct.

21. While at the precinct, Plaintiff had to be taken to Harlem Hospital due to the severe pain he suffered as a result of the excessive force, assault and battery inflicted upon him

by the Officer Defendants. Plaintiff remained in the hospital for several days but was not allowed to see or speak to his mother or other relatives. The Officer Defendants didn't inform or allow Plaintiff to inform his mother that he was in the hospital. A nurse from the hospital took pity on him and made the call to his mother since the police refused to grant his request to speak with his mother. Plaintiff's mother went to the hospital but was not allowed to see him.

22. Plaintiff was taken to Criminal Court of the City of New York, County of New York where he was arraigned under docket #2009NY093563 and charged with Obstruction of Governmental Administration in the Second Degree and Resisting arrest.

23. At the time of his arrest, Plaintiff had not committed any crime and there was no lawful basis to arrest his.

24. At no time did Plaintiff resist arrest or refuse to be handcuffed. Furthermore, at no time did plaintiff attempt to obstruct or interfere with any police investigation or act in a disorderly manner.

25. On March 18, 2010, in Criminal Court of the City of New York, the case was terminated pursuant to C.P.L. §30.30.

26. The use of force on plaintiff by the Officers Defendants was unreasonable and far in excess of their rightful authority as a New York City police officers. This arrest of plaintiff was made without reasonable or probable cause.

27. The Officer Defendants charged Plaintiff with crimes falsely, maliciously, in bad faith, and without probable cause.

28. In addition to the physical injuries described above, plaintiff also suffered from emotional trauma as a direct result of the incident, as well has severe pain and bruising throughout his head, neck and torso. As a direct and proximate result of the unlawful arrest,

excessive force, and malicious prosecution plaintiff suffered and/or continues to suffer from extreme physical pain and suffering; medical expenses; psychological pain, suffering, and mental anguish; other losses.

29. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiffs Rights under § 1983, U.S. Constitution, and Fourth and Fourteenth Amendments

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and effect as if more fully set forth at length herein.

31. By reason of the foregoing, and by punching and kicking plaintiff and pushing him onto the floor and causing him to hit his head, and by assaulting and battering him while he was in custody, the officer defendants used unreasonable and excessive force against plaintiff and/or failed to prevent other officers from doing so, and thereby deprived plaintiff of her rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

32. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

34. The officer defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

35. The officer defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by the Fourth Amendment and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

36. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Rights under § 1983, U.S. Constitution, Fourth and Fourteenth Amendments

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 36 with the same force and effect as if more fully set forth at length herein.

38. By falsely arresting plaintiff without probable cause, and holding him under arrest for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the officer defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

39. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

40. The officer defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

41. The officer defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendment to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

### THIRD CAUSE OF ACTION
42 U.S.C. ' 1983 B Malicious Prosecution
(Against the Officer Defendants)

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 42 with the same force and effect as if more fully set forth at length herein.

44. The Officer Defendants maliciously commenced criminal proceedings against Plaintiff, charging him with obstruction of governmental administration, and resisting arrest.

45. The Officer Defendants charged Plaintiff with these crimes falsely, maliciously, in bad faith, and without probable cause.

46. After filing proceedings in Criminal Court of the City of New York in which Plaintiff was forced to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

# FOURTH CAUSE OF ACTION
## Municipal Liability Claim Against the City of New York
## For Failure to Properly Hire, Train, Supervise and Discipline Employees

48. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully set forth at length herein.

49. Individual Defendants' use of excessive force, unlawful arrest, and detention without probable cause comprised a violation of plaintiff's civil right to be free of such actions under the Fourth Amendment to the Constitution.

50. Individual Defendants' use of excessive force, unlawful arrest and detention without probable cause was pursuant to custom, practices, policy or uses of defendant, the City of New York through the New York City Police Department.

52. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for their use of excessive force against plaintiff.

53. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for the unlawful seizure and confinement of plaintiff.

54. Under this custom, usage, practice or policy, The City of New York:

   (a) encouraged and/or condoned the use of excessive force, unlawful arrest and detention without probable cause;

   (b) encouraged and/or condoned the practice of using excessive force, detaining individuals without probable cause and falsely accusing and arresting individuals;

   (c) failed to adequately screen applicants to the New York City Police

Department;

(c) failed to investigate, or punish the excessive use of force, false arrest and unlawful detentions by the New York City Police Department;

(d) failed to provide adequate training to its New York City Police Department regarding the use of force with children, the constitutional limits of force with children, the proper use of weapons including handcuffs and the proper method of detaining and arresting children.

## FIFTH CAUSE OF ACTION

### Assault

53. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 52 with the same force and effect as if more fully set forth at length herein.

54. The defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

55. By reason of the foregoing, and by striking plaintiff in the head with such force that he sustained serious injuries to his face and causing his head to strike the stairs, and assaulting and battering him while he was in custody, the Officer Defendants committed the torts of assault and/or failed to prevent other officers from doing so.

56. The assault and battery by the Officer Defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers and constituted an unreasonable use of force.

57. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

58. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

59. Defendants, their officers, agents, servants, and employees were responsible for the assault on the plaintiff. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

### SIXTH CAUSE OF ACTION

#### Battery

61. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 60 with the same force and effect as if more fully set forth at length herein.

62. The defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, or failed to prevent other officers from doing so, in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

carried out without a valid warrant, without plaintiff's consent, and without probable or reasonable

63. By reason of the foregoing, and by striking plaintiff in the head with such force that he sustained serious injuries to his face and causing his head to forcefully hit the floor, and assaulting and battering him while he was in custody Defendants committed the torts of battery and/or failed to prevent other officers from doing so.

64. Defendant Officers were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

65. Defendants, their officers, agents, servants, and employees were responsible for the battery of the plaintiff. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

66. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

67. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### False Arrest

68. Plaintiff repeats and realleges paragraphs 1 through 68 as if the same were fully set forth at length herein.

69. The Officer Defendants wrongfully and illegally arrested and imprisoned plaintiff and/or failed to prevent other officers from doing so.

70. The wrongful, unjustifiable and unlawful arrest and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable or reasonable

cause.

71. The Officer Defendants further falsely arrested and imprisoned plaintiff when they held him in custody for an extended and unreasonable period of time after.

72. At all relevant times, the Officer Defendants acted forcibly in arresting and imprisoning plaintiff.

73. At all relevant times, plaintiff was unlawfully, wrongfully, and unjustifiably arrested, deprived of his liberty, and imprisoned.

74. At all times mentioned, the unlawful, wrongful, and false imprisonment of plaintiff was without right and without cause.

75. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

76. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's arrest and imprisonment during this period of time.

77. The Officer Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, and are guilty of egregious and gross misconduct towards plaintiff.

78. Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their wrongdoing under the doctrine of respondeat superior.

79. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

80. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

81. Plaintiff repeats and realleges paragraphs 1 through 79 as if the same were fully set forth at length herein.

82. Upon information and belief, defendant City, through the NYPD, owed a duty of care to plaintiff to prevent his unlawful arrest, and prevent the use of excessive and unreasonable force against him.

83. Upon information and belief, defendant City, through the NYPD, owed a duty of care to plaintiff because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated that an injury to plaintiff, or to those in a like situation, would probably result from this conduct.

84. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

85. Upon information and belief, defendant City, through the NYPD, knew or should have known through the exercise of reasonable diligence that the Officer Defendants had a propensity to commit the misconduct that caused plaintiff's injuries.

86. Upon information and belief, defendant City's negligence in hiring and retaining the Officer Defendants proximately caused plaintiff's injuries.

## JURY DEMAND

87. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff, Manuel Rodriguez, shall recover compensatory damages in the sum of $5,000,000 against the individual defendants, Officer Angel Gonzalez, Officer Victor Eng, Police Officer John Doe, and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $2,000,000 against the individual defendants, jointly and severally.

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff, Manuel Rodriguez, shall recover compensatory damages in the sum of $5,000,000 against the individual defendants, Officer Angel Gonzalez, Officer Victor Eng, Police Officer John Doe, and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $2,000,000 against the individual defendants, jointly and severally.

    a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

    b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:    July 6, 2010
                New York, New York

_____
RICHARD P. REYES, ESQ. (RR 8457)
BARNUM & REYES, P.C.
30 Vesey Street, 2nd Floor
New York, New York 10007

(212) 966-3761

_____
NICOLE BARNUM, ESQ. (NB 9543)
BARNUM & REYES, P.C.
30 Vesey Street, 2nd Floor
New York, New York 10007

(212) 966-3761