UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANUEL RODRIGUEZ,

                        ECF CASE

                        10 Civ.9330 (AKH)

          Plaintiff,

          vs.                        **PLAINTIFF'S AFFIRMATION**
                                          **IN OPPOSITION**
                                          **TO THE ORDER TO SHOW**
                                          **CAUSE**

THE CITY OF NEW YORK
POLICE OFFICER ANGEL GONZALEZ,
POLICE OFFICER VICTOR ENG
AND POLICE OFFICER JOHN DOE,
(names and numbers of whom are unknown at present)
and other unidentified members of the New York City
Police Department
                Defendants
------------------------------------------------------------X

STATE OF NEW YORK    )
                               ) ss.;
COUNTY OF NEW YORK  )

The undersigned, being duly sworn, states as follows:

    1. I, Richard Reyes, am an attorney admitted to practice law before the Courts of the State of New York and in the United States District Court, Southern District of New York.

    2. I am the attorney of record for the Plaintiff.

    3. Unless otherwise specified, all allegations of fact are based upon inspection of the record in this matter, or upon conversations with the Plaintiff, my Associate Janine Campanaro, Defendants' counsel David Pollack and my own investigation.

## HISTORY

    4. This is a Civil Action commenced on December 14, 2010.

5. An initial conference occurred before the Hon. Alvin K. Hellerstein on April 15, 2011.

6. A formal discovery schedule was not set and a brief settlement conference was held.

7. Counsel were instructed to each conduct a deposition of one witness from each side and then resume settlement talks.

8. A settlement conference was scheduled for Jun 3, 2011.

9. On June 1, 2011, Mr. Pollack wrote on behalf of both counsel requesting an adjournment of the conference as the depositions could not be held due to scheduling issues and counsel weren't ready to discuss settlement.

10. On September 24, 2014, the court sua spont dismissed the matter at hand but stated that the court would re-open the matter if the Plaintiff showed cause prior to October 22, 2014 that the matter should remain open.

## II. Plaintiff's Attempts to Prosecute the Matter and Settle the Matter

11. Affirmant submits that although the matter has been pending for an extended period of time the matter should remain open. On October 17, 2014 Affirmant spoke with the attorney for the defendants, David Pollack, who stated that he consented to the matter remaining open.

12. There were many extenuating circumstances beyond Affirmant's control that resulted in the matter lying dormant for so long, however, there has been considerable progress in the settlement of the case and Affirmant did his best to move the matter along.

13. On February 10, 2011, Affirmant provided counsel for the defendants with an authorization for the release of Plaintiff's criminal court records in the underlying matter.

14. Shortly after the initial conference, Affirmant provided both the medical records and pictures of the Plaintiff's injuries.

15. Affirmant provided many dates to conduct the depositions prior to the June 3, 2011 conference but none were acceptable.

16. On May 20, 2011, Ms. Campanaro from Affirmant's office also inquired as to when counsel for the defendants planned on submitting an answer and provide initial disclosures as none had been received.

17. As stated above, counsel for both sides requested an adjournment of the June 3, 2011 conference in order to do some initial discovery in hopes of being ready for a settlement conference. A subsequent settlement conference date was not set by the court.

18. On June 7, 2011 Affirmant provided more dates to conduct depositions in order to be prepared for any future conference.

19. Affirmant sent subsequent correspondence on 6/23/11, 8/19/11, and 9/1/11 to counsel in hopes of setting up the depositions.

20. Although Affirmant was prepared to do the depositions and trying to move the matter along, I did not seek assistance of the court as I have worked with Counsel for the Defendants before and successfully reached an agreement with him on another matter.

21. Unfortunately, Plaintiff was arrested and held in detention around October 2011. At this point, Affirmant stopped pressing the subject of the depositions as the Defendant was not available and had other issues to attend to.

22. When Defendant was eventually released, we attempted to get his latest criminal court records in order to proceed with discovery and the depositions.

23. Unfortunately, Affirmant lost contact with Plaintiff around July of 2012 and was unable to locate him.

24. Affirmant figured that Plaintiff would contact him at some point since settlement had been discussed. Affirmant periodically would try the contact numbers he had for Plaintiff but was not successful. At this point it wasn't in the best interests of the Plaintiff to press for depositions as Affirmant had done in the past.

25. On February 14, 2014, Affirmant received a call from Mr. Pollack inquiring as to the case. Affirmant informed Mr. Pollack that I would make one final attempt to locate Plaintiff and if I was unsuccessful, I would either withdraw the case or concede that I could not continue.

26. Affirmant hired someone to attempt to locate Plaintiff and go to his old address in hopes of finding him.

27. Affirmant successful tracked down Plaintiff and met with him in his office on March 14, 2014. Affirmant had Plaintiff sign a document assuring him that he would keep in contact with Affirmant and if he failed the matter could be dismissed.

28. Affirmant informed Mr. Pollack that the Plaintiff had been located and asked him how he wished to proceed either with a settlement conference or with depositions.

29. Counsel for both sides exchanged communication over several months in regards to settlement or continued discovery.

30. During this period, Affirmant was ready and prepared for depositions but didn't press as settlement discussions were progressing. Affirmant did not seek the assistance of the court for the same reason.

31. In March of 2014, Affirmant received a call from the Chambers of the Hon. Alvin K. Hellerstein. Affirmant returned the call but never actually spoke to anyone at Chambers. Mr. Pollack received the same call. At this point, Affirmant wrote to Mr. Pollack as to how he wished to proceed.

32. Again, counsel traded several calls and correspondence in hope of settling this matter. Without providing any details of those discussions, Affirmant felt that settlement negotiations were better for the Plaintiff than moving for discovery or asking the court for a discovery schedule.

33. On September 10, 2014, Affirmant sent correspondence to Mr. Pollack with a copy of a lien for Plaintiff's hospital stay, the pictures of Plaintiff's injures and the latest settlement demand. Affirmant was awaiting a response from Mr. Pollack when the court issued its order on September 24th.

34. Affirmant respectfully asks that the court restore the matter and either schedule a settlement conference or set a discovery schedule. Affirmant apologizes that this matter has lingered as it has and maybe should have sought the assistance of the court sooner to schedule a conference but delay was not for lack of prosecution on Affirmant's end. Affirmant had been ready to conduct depositions and remains ready to do so. The depositions did not take place for a variety of reasons such as scheduling issues and the fact that negotiations were in progress, but not because Affirmant did not attempt to make them occur. Affirmant had successfully worked with counsel for the defense in the past so I decided that it was in the client's best interest to work toward a settlement rather than press discovery and/or ask for the assistance of the court of setting a schedule.

35. Finally, just a few weeks prior to the court issuing its order, fruitful discussions between the parties had taken place illustrating that Affirmant and Plaintiff were actively pursuing this matter.

36. Therefore, I respectfully request that this Court restore the matter to the calendar and set a settlement and/or discovery conference in so that the matter can be resolved.

37. No prior application has been made for the relief requested herein.


Dated: October 21, 2014


                                          ____/s/_____
                                          RICHARD REYES, Esq.
                                          Attorney for the Plaintiff